■ EDITH SCULLY, Respondent, v BROOKLYN UNION GAS et al., Appellants, et al., Defendants. [826 NYS2d 157]—

In an action, inter alia, to recover damages for wrongful death, the defendants Brooklyn Union Gas and Keyspan Energy appeal from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated June 27, 2005, as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's decedent was injured when her house exploded as a result of an apparent natural gas leak. She died six days later due to complications from her injuries. The plaintiff subsequently commenced this action, inter alia, to recover damages for wrongful death against, among others, the defendants Brooklyn Union Gas (hereinafter BUG) and Keyspan Energy (hereinafter Keyspan).

BUG and Keyspan failed to establish their prima facie entitlement to judgment as a matter of law. The cause of the subject explosion remains unknown. The fire marshal's report indicates that the exact point of the leak and the source of the ignition could not be determined, that the gas appliances inside the decedent's home were in satisfactory condition, that the decedent did not smell anything before the explosion, and that the gas stove and oven were turned off. Although BUG and Keyspan tendered competent evidence showing that no leaks were found in the gas main and service pipes leading to the decedent's home, and that the gas regulator at the decedent's residence was functioning properly, they failed to submit any evidence showing that the gas meter—which allegedly had been damaged in the explosion and was not tested—did not proximately cause the accident. Accordingly, BUG and Keyspan were not entitled to judgment as a matter of law, regardless of the sufficiency of the plaintiff's opposing papers (see Ayotte v Gervasio, 81 NY2d 1062 [1993]).

In light of our determination, we do not reach the remaining contentions of BUG and Keyspan. Adams, J.P., Ritter, Fisher and Covello, JJ., concur.